IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MIGUEL W. ROCA-BARNETT,<br><br>**Plaintiff**,<br><br>v.<br><br>CARIBBEAN INTERNATIONAL NEWS CORPORATION; and ELLIOT STEIN; MARTIN POMPADOUR,<br><br>**Defendants**. | CIVIL NO. 12-1169 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

On March 12, 2012, plaintiff Miguel W. Roca-Barnett ("plaintiff Roca") filed a complaint alleging five causes of action pursuant to Puerto Rico law[1] against defendants Caribbean International News Corp. ("CIN"), Elliot Stein ("Stein"), and Martin Pompadour ("Pompadour"). (Docket No. 1.) Defendant CIN subsequently submitted a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 8.) For the reasons discussed below, however, the Court finds that it lacks subject-matter jurisdiction over plaintiff Roca's claims, pursuant to Federal Rule of Civil Procedure 12(b)(1). Accordingly, it **DISMISSES WITHOUT PREJUDICE** plaintiff Roca's complaint.

---

[1] The claims arise under P.R. Laws. Ann. tit. 29, § 146 ("Law 100"); § 1321 ("Law 69"); § 155 ("Law 17"); § 185 ("Law 80"); and § 5141–42 ("articles 1802 and 1803"). (Docket No. 1.)

Civil No. 12-1169 (FAB)                                                      2

**I.   SUBJECT-MATTER JURISDICTION**

Plaintiff Roca seeks to invoke the Court's subject-matter jurisdiction based on diversity, which requires that the amount in controversy exceed $75,000, and that the plaintiff be diverse from all defendants.  28 U.S.C. § 1332(a) (2012); see also Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553, (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").  Courts evaluate whether there is complete diversity between the plaintiff and all defendants by looking to the parties' domicile, which is "the place where he has his true, fixed home and principal establishment." Padilla-Mangual v. Pavia Hosp., 516 F.3d 29, 31 (1st Cir. 2008) (internal quotations and citation omitted).  The party asserting diversity jurisdiction has the burden of proving it by a preponderance of the evidence.  Plaintiff Roca claims that "this court has diversity jurisdiction over the parties and subject-matter of this dispute because all the parties in either side of this litigation are of diverse citizenship and the amount in controversy . . . exceeds the sum of . . . $75,000[]."  (Docket No. 1 at p. 1.)  A further review of the complaint, however, reveals that complete diversity between the parties has not been established.

Plaintiff Roca's complaint alleges that he is a resident of the state of Florida.  (Docket No. 1 at p. 2.)  As such, plaintiff Roca's citizenship for the purposes of diversity jurisdiction also

lies in Florida.  See Padilla-Mangual, 516 F.3d at 31.  The complaint fails to demonstrate, however, that plaintiff Roca's citizenship is diverse from that of defendants Stein, Pompadour, and CIN.

First, plaintiff Roca fails to set forth any facts as to the citizenship of defendants Stein and Pompadour.  The complaint merely describes their roll as "members," "decision-makers[,] and officers" of the Board of Directors of CIN, (Docket No. 1 at p. 2.), but makes no reference to their residencies, let alone to where their "true, fixed home and principal establishment" may be located for determining domicile.  See Padilla-Mangual, 516 F.3d at 31.  Accordingly, plaintiff Roca has not met his burden of proving the citizenships of defendants Stein and Pompadour by a preponderance of the evidence.

Second, plaintiff Roca does not allege sufficient facts to determine the citizenship of corporate defendant CIN.  The Supreme Court of the United States recently clarified the test for determining a corporation's citizenship. In Hertz Corp. v. Friend, 559 U.S. 77, 130 S.Ct. 1181, 1193 (2010), it concluded that a corporation's "principal place of business" refers to the place where its "officers direct, control, and coordinate the corporation's activities . . . . [I]n practice it should normally be the place where [it] maintains its headquarters--provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings . . . ."  In his

Civil No. 12-1169 (FAB)                                                  4

complaint, plaintiff Roca fails to demonstrate that defendant CIN, a corporation, is a citizen of a state other than Florida. He merely claims that CIN "was authorized to do, and is currently doing business, in the Commonwealth of Puerto Rico." Those allegations are insufficient under the Supreme Court's "principal place of business" standard enunciated in Hertz. Accordingly, the Court finds that plaintiff Roca fails to meet his burden of proving the citizenship of defendant CIN by a preponderance of the evidence, and complete diversity is not established.

## II.  CONCLUSION

Because plaintiff Roca does not demonstrate the existence of complete diversity between the parties, the Court cannot exercise subject-matter jurisdiction over this case. Accordingly, it **DISMISSES WITHOUT PREJUDICE** plaintiff Roca's complaint. This case is **DISMISSED** in its entirety. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 29, 2013.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE